**77 So.2d 517**

**O. L. ARCHER et al.**

**v.**

**CITY OF SHREVEPORT.**

**No. 41806.**

Jan. 10, 1955.

Jackson, Mayer & Kennedy, Comegys & Harrison, Shreveport, for plaintiffs-appellants.

William L. Murdock, City Atty., Wilkinson, Lewis & Wilkinson, James J. Butler, Shreveport, for intervenors-appellees.

HAMITER, Justice.

Appellees have moved to dismiss this appeal. However, the motion, grounded on the assertion that the controversy is now moot, lacks merit and cannot be sustained.

Through the adoption on May 26, 1953 of a zoning ordinance (No. 49), purportedly amending Ordinance No. 80 of 1948, the Council of the City of Shreveport sought to change the classification, from "A-1 Family Residence" to "D-Neighborhood Commercial District", of property owned by Chris Demopulos and Alexander Mijalis and described as:

"Lots One (1), Two (2), Three (3), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9) and Ten (10), of Block "C", Bell Meade Subdivision to City of Shreveport."

On the same day this litigation was commenced by numerous owners of property located within three hundred feet of the described lots, in their petition they having challenged for several specified reasons the constitutionality and legality of Ordinance No. 49 of 1953 and having prayed that it be decreed "illegal, unconstitutional, null, void and of no effect." Petitioners further prayed that the defendant, the City of Shreveport, be permanently enjoined from promulgating such ordinance and from issuing any construction permit thereunder.

On October 6, 1953, after learning that Demopulos and Mijalis had instituted a mandamus proceeding against the City of Shreveport to compel the issuance of a permit for the building of a neighborhood shopping center on the described lots, plaintiffs filed a supplemental petition in which they prayed for a temporary restraining order and, in due course, a preliminary writ of injunction to prevent the issuance of. such permit. Whereupon, the court granted the temporary restraining order and directed the defendant to show cause why plaintiffs should not receive the desired injunctive relief.

A few days later Demopulos and Mijalis intervened in this cause, they joining the defendant in resisting the demands of plaintiffs and in seeking a dismissal of the suit.

Following a trial, assertedly on the rule nisi but which apparently involved the entire merits of the case since it consumed many days, the district judge filed a written opinion in which he concluded: "It is therefore the opinion of this Court that the ordinance in question was adopted in proper form and is a valid ordinance of the City of Shreveport; and the demands of the plaintiffs are therefore rejected at their costs."

Immediately, plaintiffs applied to this court for writs of certiorari, mandamus and prohibition. These were refused.

Upon such refusal the district court signed a formal judgment which recited: "It Is Ordered, Adjudged and Decreed That Ordinance No. 49 of 1953 of the City of Shreveport, Caddo Parish, Louisiana, the ordinance under attack in this matter, was

adopted in proper form and is a valid ordinance of the City of Shreveport, Caddo Parish, Louisiana; and the demands of the plaintiffs are therefore rejected at their costs;

"It Is Further Ordered, Adjudged and Decreed that plaintiffs' application for a preliminary injunction is also denied at their costs."

From the judgment plaintiffs sought a suspensive and devolutive appeal to this court. Only a devolutive appeal (that presently under consideration) was granted.

In their motion to dismiss this devolutive appeal appellees show that since the rendition of such judgment the intervenors have obtained a building permit from the defendant and are presently constructing the proposed shopping center; they "respectfully submit that even if the Judgment appealed from should be reversed, it could not have the effect of cancelling the above said building permit, for an injunction will not lie to undo what has already been done"; and they assert that this "renders the issues tendered by this appeal moot and academic."

■ But the motion completely overlooks the fact that the suit is not merely for the purpose of obtaining an injunction, as appellees contend. It also provides a specific attack on the validity of the ordinance under which the permit was issued, the plaintiffs having by appropriate allegations

and prayer questioned its legality and constitutionality and having shown an immediate interest for doing so. Incidentally, the question could have been raised by them, and presented for determination, without the aid of injunction proceedings. And substantial results would follow a decree of this court reversing the judgment from which the appeal was taken. In such event, for example, the zoning classification of intervenors' property would return to that which existed prior to the adoption of the 1953 ordinance. As pointed out in City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798, 802, an "* * * unconstitutional amending statute or ordinance is in reality no law, and in legal contemplation is as inoperative as if it had never been passed. * * *"

■ Besides, in connection with our above shown refusal to grant remedial writs to these appellants we observed: "Writs refused—Relators have remedy by appeal."

The cases cited and relied on by movers for a dismissal of this appeal are not, in view of the circumstances existing here, authority for their motion. In each of them it appears that no important result (contrary to the present situation) would have flowed from a reversal of the trial court's judgment.

The motion to dismiss the appeal is denied.