GLADNEY, Judge.
This suit by the owners of Lots 33 and 34 of the Currie Land Subdivision of Shreveport, primarily involves the constitutionality of Ordinance No. 184, referred to as the Shreveport Comprehensive Zoning Ordinance of 1957. A writ of mandamus and a mandatory injunction is sought to require the Shreveport officials made defendants, to issue a permit to petitioners for the purpose of building a bowling alley on said property, all of which is predicated on a judicial declaration that the city’s zoning ordinance is unconstitutional. On submission to the trial court a peremptory exception of no cause or right of action was sustained and plaintiffs’ suit dismissed, whereupon this appeal was taken.
The allegations of the original and supplemental petitions filed herein disclose that the tract of land involved is located between the Uptown Shopping Center and Thorn-hill and Pillow Streets in the City of Shreveport. When the zoning ordinance became effective the property was zoned as residential R-l, and it, as well as the property adjacent to it, was and has been utilized for negro tenant houses.
Prior to filing this suit on August 22, 1962, plaintiffs applied to the Metropolitan Planning Commission, the advisory agency of the City of Shreveport administering the ordinance, to have their property rezoned from Residential R-l to Commercial B-3. The Commission, after due procedure and a public hearing, recommended against rezoning the property. Formal application was then made to the City Council for the same rezoning and again after public hearing and review of the recommendations of the Metropolitan Planning Commission, the City Council refused to rezone plaintiffs’ property. A building permit was then sought which was refused on two grounds: (1) for failure to submit plans and specifications as required by provisions of the Shreveport Comprehensive Building Code of 1953, as amended; and (2) because the construction of a bowling alley on said property would violate the provisions of the zoning ordinance which had zoned said property as residential. This suit was then instituted, attacking the constitutionality of the ordinance.
In support of its peremptory exception, counsel for appellees argues that: (a) a writ of mandamus does not lie in this instance because of the discretionary authority granted to the building director; (b) that plaintiffs’ petition fails to disclose *274 that plaintiffs complied with the provisions of the Shreveport Comprehensive Building Code by supplying Commission, the advisory agency of the City of Shreveport administering the ordinance, to have their property rezoned from Residential R-l to Commercial B-3. The Commission, after due procedure and a public hearing, recommended against rezoning the property. Formal application was then made to the City Council for the same rezoning and again after public hearing and review of the recommendations of the Metropolitan Planning Commission, the City Council refused to rezone plaintiffs’ property. A building permit was then sought which was refused on two grounds (1) for failure to submit plans of specifications as required by provisions of the Shreveport Comprehensive Building Code of 1953, as amended; and (2) because the construction of a bowling alley on said property would violate the provisions of the zoning ordinance which had zoned said property as residential. This suit was then instituted, attacking the constitutionality of the ordinance.
In support of its peremptory exception, counsel for appellees argues that: (a) a writ of mandamus does not lie in this instance because of the discretionary authority granted to the building director; (b) that plaintiffs’ petition fails to disclose that plaintiffs complied with the provisions of the Shreveport Comprehensive Building Code by supplying required plans, specifications and other data; and (c) the issuance of a building permit to build a bowling alley in such a district is contrary to Section III A-2 of Ordinance 184 of 1957. Further, it is urged that the attack by plaintiffs on the constitutionality of the ordinance is without merit, particularly in view of the provisions of Art. XIV, Section 29 of LSA, Louisiana Constitution of 1921.
It is urged with merit, we think, the filing of plans and specifications with the building director would have been a vain and useless act, and we pretermit further discussion of the issues relating to compliance with the provisions of the building code in order to obtain a building permit, for the reasons stated in Archer, et al. v. City of Shreveport, 226 La. 867, 77 So.2d 517 (1955). There, the court had under consideration the validity of the ordinance under which a building permit was sought, and disposed of the issue, saying:
“But the motion completely overlooks the fact that the suit is not merely for the purpose of obtaining an injunction, as appellees contend. It also provides a specific attack on the validity of the ordinance under which the permit was issued, the plaintiffs having by appropriate allegations and prayer questioned its legality and constitutionality and having shown an immediate interest for doing so. Incidentally, the question could have been raised by them, and presented for determination, without the aid of injunction proceedings. And substantial results would follow a decree of this court reversing the judgment from which the appeal was taken. In such event, for example, the zoning classification of intervenors’ property would return to that which existed prior to the adoption of the 1953 ordinance. As pointed out in City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798, 802, an ‘ * * * unconstitutional amending statute or ordinance is in reality no law, and in legal contemplation is as inoperative as if it had never been passed. * * *
Therefore, should appellants be successful in their attack on the constitutionality of Ordinance 184 the stated objections to the issuance of the permit would be removed. The attack upon the constitutionality of Ordinance 184 of 1957, as broadly stated by appellants, is that the City Council may at its whim, zone property without any rhyme or reason. This contention implies that the ordinance is unconstitutional for it does not provide an adequate guide for the officials, whose duty it is to enforce it, and because it does not operate with uniformity, in that certain property owners are favored over other property owners. *275 It is then argued the ordinance violates the due process clauses of the State and Federal Constitutions and denies equal protection of the law in that: the restriction on the use of property denies unto plaintiffs its full use and entails a monetary loss; and the property involved has always been improperly classified as residential property, whereas it should have been zoned as commercial property by reason of its proximity to other commercial property.
The authority of municipalities to zone their territory is expressly provided for in Section 29 of Art. XIV of our Constitution, which states:
“All municipalities are authorized to zone their territory; to create residential, commercial and industrial districts, and to prohibit the establishment of places of business and residential districts. * * * ”
Act 34 of 1954 granted to the Parish of Caddo and the City of Shreveport, planning and zoning authority relative to that part of the parish outside of the City of Shreveport, and within five miles of the city limits as they might exist from time to time. It gave similar comprehensive authority to the City of Shreveport to zone within its corporate limits and empowered the City and the Police Jury to create a joint planning commission for the purpose of regulating subdivisions of land to the end that the physical development of the area could be carried out as a whole. Pursuant to this authority a planning commission was organized and a master plan adopted for the area within five miles of the city limits of Shreveport, and a similar master plan was adopted for the City of Shreveport insofar as it related to areas within the city limits.
The City of Shreveport then adopted Ordinance 184 of 1957. This ordinance zoned all property within the boundaries of the City of Shreveport and as so zoned, changes thereof may be had only through an amendment to the ordinance as adopted by the City Council of Shreveport. Certain procedural steps are required to obtain such an amendment, and consist of an application for the amendment with information from the owner as to the property and the use for which it will be put; a preliminary hearing before the Metropolitan Planning Commission; a provision for a public hearing before the Commission, preceded by notice to surrounding property owners; the public hearing in which proponents and opponents of the zoning amendment present their viewpoints; the recommendation of the Metropolitan Planning Commission as a result of the hearings; application to the City Council which may affirm the recommendations by a majority vote or override them by a two-thirds vote; and, finally, action by the City Council following notice and public hearing.
Of importance is the declaration contained in Ordinance 184 as to the amendments thereof, Section XVIII, par. A-l, to the effect that casual amendment and change is detrimental to the declared public policy which is to amend the ordinance only when one or more of the following conditions prevail: manifest error, change in conditions, increasing need for sites for business industry, and where subdivision lands make other building sites necessary and reclassification thereof desirable.
Counsel for appellants in support of their position that the Shreveport Zoning Ordinance fails to provide adequate guides and uniform rules which establish a standard to operate uniformly and govern its administration and enforcement in all cases, have cited State ex rel. Dickson v. Harrison, 161 La. 218, 108 So. 421 (1926), and McCauley, et al. v. Albert E. Briede & Son, et al., 231 La. 36, 90 So.2d 78 (1956). In the former case the Supreme Court struck down Ordinance No. 110 of 1924 of the City of Shreveport and in the latter case it declared invalid a section of the City Zoning Ordinance of New Orleans. These decisions enunciate the rule that an ordinance will be held invalid where it leaves its interpretation, administration, or enforcement to the unbridled or ungoverned *276 discretion, caprice, or arbitrary action of the municipal legislative body or of administrative bodies or officials. The cited authorities are inapposite forasmuch as it is our considered opinion that under the provisions of Section VIII, par. A-l, Ordinance 184 does establish a standard binding upon the City Council and the administrative agencies charged with enforcing the zoning ordinance, which requires uniform .administration and protection of the rights of ail individuals. It is recognized in Mc-Cauley v. Albert E. Briede & Son, that a •zoning ordinance cannot be varied by municipal or zoning boards unless the law authorizes it, and exceptions can be allowed only in particular situations specified in the zoning ordinance. In the provisions of •Ordinance 184, and particularly Section VIII, par. A-l, the ordinance may be .amended only according to the conditions prevailing when there has been manifest ■error, a change in conditions, claims made for sites for business industry and where •subdivision lands make other building sites necessary and reclassification thereof desirable.
The provisions of the ordinance furnish, in our opinion, an adequate guide for uniformity of administration by officials who have the duty of enforcing the ordinance.
Zoning ordinances have been considered the proper exercise of police power long prior to the provisions of Section 29 of Art. XIV of the Louisiana Constitution. In the recent case of Plebst v. Barnwell Drilling Company, 243 La. 874, 148 So.2d 584, 589 (1963), the validity of Act 34 of 1954 was under attack on the premise that the Legislature did not possess the power ■to enact zoning regulations and was, therefore, without authority to delegate by statute any such power to Police Juries or other governing bodies of political subdivisions. The court answered this contention with the following comments:
“In our opinion, there is no merit in the proposition. The power to enact zoning regulations is solely and only the exercise of police power. See 58 Am.Jur. ‘Zoning’ Section 18 and the many authorities therein cited including State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440 [33 A.L.R. 260] (1923). The police power of the State, which is coextensive with sovereign power, denotes the power of the State to impose restraints on private rights which are necessary for the general welfare ‘ * * * and is but the power to enforce the maxim, “Sic utere tuo ut alienum non laedas” ’. Union Ice & Coal Co. v. Town of Ruston, 135 La. 898, 66 So. 262, L.R.A. 1915B, 859.”
This same Supreme Court decision quoted with approval from State ex rel. Civello v. City of New Orleans, supra, 97 So. 445, to the effect that Section 29 of Art. XIV did not add anything to the authority of the Legislature to allow municipalities to zone their territory, Chief Justice O’Niell in that case having said:
“It was sufficient, for the exercise of the police power in the matter of city planning and zoning, that the Constitution did not forbid it.”
In the attack made on Act 34 of 1954 in Plebst v. Barnwell Drilling Company, supra, 148 So.2d p. 591, it was urged that the statute was violative of the Federal and State Constitutions respecting due process of law, and denied equal protection of the law and took and damaged private property without payment of compensation. The court, with Justice McCaleb as its organ, disposed of this argument, saying:
“There is no substance in these postulations as all of the specified violations of constitutional rights have been urged over and over again in zoning cases and rejected by the Supreme Court of the United States and a legion of cases of the State courts of last resort in this country. See, among others, Washington ex rel. Seattle Title Trust Co. v. Roberge, 278 U.S. 116, 73 L.Ed. 210, 49 S.Ct. 50, 86 A.L.R. 654, and *277 cases listed in Annotation 86 A.L.R. 659, et seq. In truth, the paramount question of constitutional law arising in cases involving the exercise of police power in the enactment of zoning measures is whether the regulation bears reasonable relation to the public health, safety, comfort or general welfare. State ex rel. Civello v. City of New Orleans, supra.”
Counsel does not fully spell out the constitutional grounds for attack relating to the fact that the property herein involved has been zoned as residential R-l, whereas it is contended that it should have been •zoned as commercial. We assume that the basis for the argument is that the city council has been discriminatory in that plaintiffs’ property is close to the Uptown Shopping Center, which is located on one side of the property at a distance of some three hundred twenty feet. The remaining three sides are bordered by property zoned R-l for residences. In Archer, et al. v. City of Shreveport, La.App., 85 So.2d 337 (2d Cir., 1956), this court had a similar ■question presented. Therein it was held that unless it was shown that a demarcation line had been unreasonably or arbitrarily placed so as to include or exclude property without reason or substantial basis therefor, .a difference in use of the property on one side of the line of zoning classification from that of use of property on the opposite side could not be held to constitute such dis•crimination as to deny equal protection of law and invalidate the zoning ordinances.
It is our conclusion that plaintiffs have failed to sustain any of the several attacks on the constitutionality of Ordinance 184 of 1957. It must be observed that in the instant suit plaintiffs have not complained that the administrative officials of the City have failed to follow the procedure set forth in the ordinance, but rather they have complained that the ordinance itself is unconstitutional. The constitutionality of the ordinance has been repeatedly sustained. See Archer v. City of Shreveport, supra, and authorities cited therein.
Counsel for appellants, without formal request, has asked that this case be remanded to permit the taking of evidence showing that the City Council has unlimited powers under Ordinance' 184 of 1957. The constitutionality of this ordinance has been considered by the court on the issues presented as fully as if supported by evidence. We have accepted as true all allegations of fact presented in appellants’ pleadings. We, therefore, find no merit in this request.
The judgment from which appealed is affirmed at appellants’ cost.