LeSUEUR, Judge.
Danon Development Co., Inc. constructed and owns the premises at 3939-41 Veterans Memorial Boulevard in Metairie. The area is and has been zoned C-l.
In January of 1967, Danon leased a portion of the building to a tenant planning to operate a restaurant and lounge on the premises. At that time the relevant ordinance defined a restaurant (permitted in a C-l zoned area) as follows:
“A retail establishment offering food or beverage or both, for consumption on the premises. Restaurants include cafeterias.”
This definition has since been amended to provide:
“A retail establishment offering food and beverage for consumption on the premises. A restaurant may contain a service bar. Restaurants include cafeterias.”
The nonconforming use provisions of the zoning statute, however, make it clear that the 1967 definition governs in this case. (Section XIX, Part 1, Jefferson Parish Comprehensive Zoning Ordinance.)
Inasmuch as a restaurant-lounge facility required extensive and expensive modifications of the premises, Danon contacted *132 the Planning Director of Jefferson Parish for a clarification of the 1967 definition of a restaurant. The Director replied as follows:
“February 6, 1967
“Medallion Office Corporation 3117 22nd St.
Metairie, Louisiana
Re: Medallion Office Center 3939 Veterans Memorial Hwy.
“Gentlemen:
In regard to the subject property, please be informed that a bar or lounge operating in conjunction with a restaurant is allowed in a C-l zoning classification. As long as a bar or lounge is operated in conjunction with the restaurant it can take the form of a sit down type bar, tables, piano bar, or a service bar.
Also, please be advised that a lounge or bar operating not in conjunction with a restaurant would require a C-2 type zoning classification.
Yours very truly,
Richard C. Mouledous Planning Director”
RCM :jp
The original lessee failed and, in January of 1968 the premises were leased to Bert Roberts, the plaintiff, for a similar purpose. Mr. Roberts applied for and received state liquor permits. He also applied for a Jefferson Parish liquor permit and received a temporary permit which allowed him to put his business, the Piccadilly South Restaurant and Lounge, into operation.
On April 11, 1969, the Jefferson Parish Council served notice that the application for a permanent liquor permit had been rejected. The express reason for this rejection was that Roberts was operating a barroom, night club or lounge, a use which requires C-2 zoning. No charge of nuisance or of illegal operation was made and none would appear to stand on the face of the record.
Roberts filed this suit to enjoin the Jefferson Parish Council and the Jefferson Sheriff from interfering with his operations and to obtain an order requiring the council to issue the permit. The defendants reconvened asking that the lounge be closed for violation of the zoning ordinance and Danon intervened. The court granted a preliminary injunction in favor of plaintiff and the defendants have appealed.
There is little doubt that the greater portion of Roberts’ revenue is from the sale of alcoholic beverages and that his facility is primarily a lounge or night club. It is equally clear from the record that food sales form a substantial part of the operation. The evidence indicates that perhaps 75% of his patrons have food as well as drink and that these sales may reach 40% of his income.
At trial, a great deal of evidence and argument was devoted to the opposing percentages of food sales and drink sales (focused upon the somewhat technical issue of whether this was a bar operated in connection with a restaurant, or, on the other hand, a restaurant operated in conjunction *133 with a bar). Great attention was also given to the extent of reliance on the Director’s letter. In our view, much of this was irrelevant.
Zoning ordinances are in derogation of several rights of private ownership. As they curtail and limit the use of property, so they are to be strictly construed in favor of the property owner or possessor. Moreover, where exemptions appear, they are to be most liberally construed in the property owner’s favor. City of Crowley v. Prejean, La.App., 173 So.2d 832 (3rd Cir. 1965).
Within these well settled principles, it seems clear that, regardless of percentages of food and drink sales, the Roberts’ operation lies well within a liberal construction of the 1967 definition.
We hold, therefore, that the Roberts’ operation, as a legal nonconforming use, is not in violation of the applicable zoning ordinance.
For these reasons, the judgment appealed is affirmed.
Affirmed.