BARNETTE, Judge.
The Jefferson Parish Council and Al-wynn J. Cronvich, Sheriff of Jefferson Parish, have appealed from a judgment in favor of Bert Roberts, d/b/a Piccadilly South Restaurant and Lounge, plaintiff, and Danon Development Company, Inc., intervenor, enjoining them from interfering with plaintiff’s sale of alcoholic beverages and ordering the issuance of an alcoholic beverage permit.
This case was before us on appeal by the same parties from the judgment ordering a preliminary injunction and we affirmed that judgment in favor of plaintiff, La.App., 235 So.2d 131 (1970). (Writs denied by the Supreme Court, 256 La. 819, 239 So.2d 345 (1970).
Following the judgment of this court on May 4, 1970, (rehearing denied June 1, 1970), and while application for writs to the Supreme Court was pending, the defendants, plaintiffs in reconvention, filed in the trial court a supplemental and amended petition in reconvention. The substance of this amended petition presents nothing new but in effect alleges that plaintiff has continued to operate his business in flagrant violation of the zoning laws of the Parish of Jefferson. This was answered with a general denial.
*830 The case was then called for trial and trial had on the merits on petition for a permanent injunction on October 21, 1970. The following stipulation was entered in the record:
STIPULATION
“IT IS STIPULATED by and between counsel for all parties hereto that the plaintiff has been for the past several months, subsequent to the filing of this suit, presenting entertainment acts at his place of business known as ‘Piccadilly Restaurant & Lounge’, ‘The Nutcracker’, at 3941 Veterans Highway, Metairie, Louisiana, which are nightclub type entertainment acts as represented by Plaintiff and Defendants Exhibit ‘X’, which features ‘The Fabulous Platters’ for the period from October 9th through October 18th, and Exhibit ‘Y’, which features ‘Morey Amsterdam’ for the period on or about August 26, 1970; and that the said plaintiff intends to continue to present this type of entertainment in the future.”
We cannot distinguish the abovemen-tioned entertainment features from those described on the initial hearing as the “Madcaps” “featuring a variety of songs and adult comedy” with nightly performances.
The case was submitted for decision upon the original record with the foregoing stipulation. No additional evidence or testimony was offered. The trial judge granted judgment in plaintiff’s favor as above indicated and this appeal was taken.
We fail to find in the record before us on this appeal any issue which was not before us on the first appeal. The supplemental petition in reconvention and the stipulation of fact do not in anywise alter the factual situation as found by us on the first appeal wherein we said:
“There is little doubt that the greater portion of Roberts’ revenue is from the sale of alcoholic beverages and that his facility is primarily a lounge or night club. It is equally clear from the record that food sales form a substantial part of the operation. The evidence indicates that perhaps 75% of his patrons have food as well as drink and that these sales may reach 40% of his income.” (Emphasis added.)
The issue is now, as it always has been, whether plaintiff is operating a lounge or night club type of business for the sale of alcoholic beverages not in conjunction with a restaurant. We held in our opinion on the first appeal that his lounge or night club operation and alcoholic beverage sales were in conjunction with a restaurant operation and well within a liberal construction of the 1967 definition of retail establishment permissible in a Zone C-l classification. This interpretation was also that of the Planning Director whose opinion was given by letter of February 6, 1967 in response to an inquiry before the operation was begun. That letter is reproduced in full in our original opinion. 235 So.2d at p. 132.
In our opinion on the first appeal we pointed out that the 1967 definition of a restaurant governed this case. It was as follows:
“A retail establishment offering food or beverage or both, for consumption on the premises. Restaurants include cafeterias.”
It was later amended to read:
“A retail establishment offering food and beverage for consumption on the premises. A restaurant may contain a service bar. Restaurants include cafeterias.” See 235 So.2d at p. 131.
We held that plaintiff’s continuance of operation under the amended ordinance was a legal nonconforming use.
It is contended that the bar is open to public patronage as a liquor bar as distinguished from a “service bar” in conjunction with a restaurant. There does appear to be substantial evidential support for this *831 contention. The entire operation might be more properly within the general classification of a night club or lounge requiring a Zone C-2 classification, but this has already been dealt with definitively by another panel of this court. Nothing will be accomplished by further discussion of this point of contention.
Since there was no showing whatever on the hearing for a permanent injunction of any change of operation or the type of business conducted and no new issue raised, our opinion on the first appeal is the law of the case.
For these reasons the judgment appealed is affirmed.
Affirmed.