300 So.2d 561 (1974)
J. Hampton SMITH, Plaintiff and Appellee,
v.
CITY OF ALEXANDRIA et al., Defendants and Appellants.
No. 4665.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1974.
Rehearing Denied October 10, 1974.
Writs Refused November 27, 1974.
*562 Howard N. Nugent, Jr., Ford & Nugent, Alexandria, for defendant-appellant.
Neblett, Fuhrer & Broussard by Daniel E. Broussard, Jr., Alexandria, for plaintiff-appellee.
Voltz & Ware by W. Miguel Swanwick, Gist, Methvin & Trimble by David A. Hughes, Alexandria, for intervenors-appellees.
Before FRUGÉ, CULPEPPER and WATSON, JJ.
CULPEPPER, Judge.
The plaintiff, J. Hampton Smith, filed this suit against the City of Alexandria and the individual members of the City Council seeking a writ of mandamus ordering defendants to rezone petitioner's property from "B" residential to "C" commercial. In the alternative, plaintiff seeks a declaratory judgment construing the zoning ordinance as allowing an automobile tire sales and service store in a "B" residential district. The district judge denied the writ of mandamus but rendered the declaratory judgment sought. The city of Alexandria, and certain intervenors who own nearby property, appealed the declaratory judgment. Plaintiff answered the appeal, seeking the writ of mandamus.
*563 The substantial issues are: (1) Did the Alexandria City Council abuse its discretion in refusing to rezone plaintiff's property from "B" residential to "C" commercial, thereby giving to plaintiff the right to a writ of mandamus? (2) Did the district court err in construing the zoning ordinance so as to allow plaintiff to construct a retail tire sales and service store in the "B" residential district?
The general facts are that in 1965 plaintiff purchased a residence fronting on the west side of Masonic Drive in the City of Alexandria. On February 1, 1965, the Alexandria City Council adopted Ordinance No. 7-1965 changing plaintiff's property from "A" residential to "B" residential, subject to the restriction that certain uses usually allowed in "B" residential would not be permitted on plaintiff's property. With the exception of plaintiff's property, which fronts 118 feet on Masonic Drive and has a depth of about 300 feet, most of the surrounding property on the west side of Masonic Drive is still in the "A" residential district.
Beginning in about 1972, a large shopping center and other commercial establishments were constructed on the east side of Masonic Drive opposite plaintiff's property. The entire area on the east side of Masonic Drive is now in the "C" commercial district.
In May of 1973, plaintiff entered into an agreement with the Goodyear Tire & Rubber Company to erect and lease to it a retail tire sales and service store on the subject property at an estimated cost of $130,000. Plaintiff testified that his request to the city engineer for a building permit for the construction of the store was refused. Then plaintiff filed a request with the Zoning Commission to rezone his property from "B" residential to "C" commercial.
After a hearing on October 29, 1973, the Zoning Commission recommended to the Alexandria City Council that "this ordinance be amended so as to allow the construction and operation of a Goodyear Service Store on this property."
On November 21, 1973, the Alexandria City Council held a hearing on the application of the plaintiff. After considering the testimony of various experts and interested parties, the City Council rejected the recommendation of the Zoning Commission and also denied plaintiff's request to rezone his property from "B" residential to "C" commercial. Plaintiff then filed the present suit.
THE WRIT OF MANDAMUS
We have little difficulty deciding plaintiff is not entitled to the writ of mandamus. Under LSA-C.C.P. Article 3863, this writ may be directed to a public officer "to compel the performance of a ministerial duty required by law." Our jurisprudence is established that mandamus lies only to compel performance of purely ministerial duties, or to correct an arbitrary abuse of discretion, and that the writ will not be issued in doubtful cases, Deville v. City of Oakdale, 180 So.2d 556 (La.App. 3rd Cir. 1956). In Meyers et al. v. City of Baton Rouge et al., 185 So.2d 278 (La.App. 1st Cir. 1966), a case involving a zoning ordinance, the court quoted the rule from McQuillin, Law of Municipal Corporations, Sec. 25.278 as follows:
"Judicial power to inquire into, review and set aside municipal zoning laws is subject to definite limitations arising from the nature of zoning as governmental and legislative, and from the separation of the judiciary from the legislative department of government ... Zoning is a legislative function and, hence, under the limitations thus arising from the constitutional separation of powers, it is not subject to judicial interference except for abuse of discretion, excessive use of power or error of law. It follows likewise that courts cannot substitute their judgment as to matters of zoning for that of the municipal legislative body or other zoning authority."
*564 In the present case, there is clearly no abuse of the legislative discretion of the Alexandria City Council. If plaintiff's property were rezoned from "B" residential to "C" commercial, it would be surrounded on all sides by property which is actually still "A" residential.
Plaintiff's principal argument is that his property should be rezoned "C" commercial because the property on the opposite side of Masonic Drive has been rezoned "C" commercial, and a large shopping center and other commercial establishments have been constructed there. There are many cases which have rejected the contention that a legislative zoning authority has been discriminatory where it refused to rezone plaintiff's property commercial because it was located near or across the street from other commercial property, Garrett v. City of Shreveport, 154 So.2d 272 (La.App. 2d Cir. 1963); Archer v. City of Shreveport, 85 So.2d 337 (La.App. 2d Cir. 1956).
THE DECLARATORY JUDGMENT
The next issue is whether the trial judge erred in granting plaintiff a declaratory judgment construing the ordinance at issue as permitting an automobile tire sales and service store in the "B" residential district. The city of Alexandria has a comprehensive zoning ordinance as authorized by LSA-R.S. 33:4721 et seq. Under this ordinance, the city is divided into five zoning districts as follows: "A" residence district; "B" residence district; "C" commercial district; "D" industrial district; and "E" unrestricted district. Section 28-4(a) of the Code of Ordinances of the city of Alexandria lists the uses which can be made of buildings or premises in the "B" residential district. Pertinent here are the following listed uses:
"(9) Shoe stores, retail department stores, sales garages.

(10) Accessory buildings and uses customarily incident to any of the above purposes when located on the same lot.

(11) Public garages for storage purposes only where no repair facilities are maintained." (emphasis supplied)
On February 1, 1965, the Alexandria City Council adopted Ordinance No. 7-1965 which states in pertinent part:
"That the following described property be rezoned from `A' residential to `B' residential, subject to the restriction that the following uses usually allowed under this classification will not be permitted at this location: Public garages, drive-in filling stations, dry cleaning establishments and laundries, and drive-in restaurants, to wit: (Then follows a description of plaintiff's property which fronts approximately 118 feet on the west side of Masonic Drive and runs back between approximately parallel lines a distance of 300 feet.)"
In a well considered written opinion the district judge construed these ordinances as follows:
"This Court is of the opinion that the plaintiff should be permitted to construct and operate the tire sales and service store on his property as it is presently zoned. Among the uses permitted in a `B' Residence District are `markets' and `sales garages'. Webster's New Collegiate Dictionary, (1953), defines a market as a place in which any commodity can be sold. It defines a garage as a building for housing automobiles and also a repair shop for such vehicles. A `garage' generally is a station in which motor cars can be `sheltered, stored, repaired, cleaned and made ready for use.' Woods v. Kiersky, 14 S.W.2nd 825 ([Tex. Com.App.] 1929). It follows then that a sales garage is a place wherein automobiles for sale to the public are sheltered, stored, repaired, cleaned and made ready for use. In other words, an automobile sales agency with the usual accessory repair facilities. As it is permissible to build and operate a market wherein any type goods can be sold and a sales garage wherein automobiles are stored and *565 repaired, it seems clear that it would be permissible to build and operate the building proposed by plaintiff wherein he would sell automobile tires and certain household appliances and which would include a facility for the installation of said tires and for other minor automobile repairs. This Court feels that the above interpretation of the ordinance is consistent with the rule of construction requiring zoning ordinances, since they are in derogation of the rights of private ownership, and as they curtail and limit the use of property, to be strictly construed in favor of the property owner or possessor. Roberts v. Jefferson Parish Council, 235 So.2d 131 ([La.App.] 4th Cir. 1970), writ denied 256 La. 819, 239 So.2d 345."
In addition to the reasons stated by the trial judge, we notice particularly that subparagraph (10) of the ordinance authorizes "accessory buildings and uses customarily incident to any of the above purposes when located on the same lot." There can be no question that service and repair facilities are customarily incident to garages where automobiles are sold.
The defendants and the intervenors argue that the construction of "sales garages" so as to allow an automobile tire sales and service store, where automobiles are serviced and repaired, ignores the provisions of subparagraph (11), which permits "public garages for storage purposes only where no repair facilities are maintained." The argument is that, construing the ordinance as a whole, the intention is to prohibit repair facilities in all garages. The answer to this argument is, as stated above, that subparagraph (9) permits "sales garages" without any limitations or restrictions as to repair facilities, and subparagraph (10) permits all "uses customarily incident to any of the above purposes." Clearly, repair facilities are customarily incident to the ordinary garage where automobiles and their accessories and parts are sold.
At the trial of the present case, Good-year's retail store supervisor testified that about 90% of the gross revenue from the proposed store would be from the sale of automobile tires and household appliances, and only about 10% of the revenue would be from mechanical services incidental to the sale of tires. There would be no facilities for major automotive repair. Thus, a logical explanation for the ordinance permitting "sales garages" without any restriction as to repair facilities, is that customarily such repair and service facilities are only a small part of such a business. On the other hand, "public garages" provided for in subparagraph (11), unless restricted to those for storage purposes only where no repair facilities are maintained, would of course include all garages for major automotive repairs such as motor overhauls, transmission work, etc.
As the trial judge pointed out in his written reasons, our jurisprudence has established the rule that a zoning ordinance, being in derogation of the rights of private ownership and curtailing and limiting the use of property, must be strictly construed in favor of the property owner, and where exemptions appear in favor of the property owner they should be liberally construed in his favor, City of Crowley v. Prejean, 173 So.2d 832 (La.App. 3rd Cir. 1965). Construing the present ordinance liberally in favor of the landowner, it is clear that the use which he seeks is permissible under the ordinance.
The defendants also argue that applicable here is the rule that where the construction of an ordinance is ambiguous or doubtful, the courts should give great weight to the interpretation by those charged with the duty of its administrative application, citing Gauthreau v. Board of Electrical Examiners of the City of Baton Rouge, 167 So.2d 425 (La.App. 1st Cir. 1964). It is doubtful that this rule has any pertinency to the present case because it was stipulated that plaintiff actually made no formal application for a building permit to construct the automobile tire sales and *566 service store. Plaintiff discussed the matter with the city engineer and then finally decided to seek to have his property rezoned. Actually, there is doubt as to whether those charged with the responsibility for issuing building permits ever made an administrative ruling on the issue involved. Of course, there was no interpretation of the statute by the Zoning Commission or by the Alexandria City Council.
Additionally, even assuming for the sake of argument that Mr. Smith was led to believe that he could not secure a building permit if he applied for one, and that this was in effect an administrative ruling on the ordinance, this does not change our opinion in the present case. For the reasons stated above, it is our view that the ordinance must be construed in favor of the plaintiff.
VALIDITY OF ORDINANCE NO. 7-1965
During oral argument we requested supplemental briefs on the validity of Ordinance No. 7-1965, which rezoned plaintiff's property from "A" residential to "B" residential. In his written reasons, the trial judge mentions that since this ordinance places plaintiff's property in the "B" residential district, but then states that certain uses usually allowed in the "B" district will not be permitted, the ordinance may be in violation of LSA-R.S. 33:4722, which requires that in all comprehensive zoning ordinances "all such regulations shall be uniform for each class or kind of buildings throughout each district."
In their brief on appeal, the intervenors argue that the ordinance is invalid since it violates the statutory requirement that each zoning district be uniform within itself. If the ordinance is invalid, then the property is still in "A" residential.
In his post-argument supplemental brief, plaintiff correctly points out that this issue is not before the court. The unconstitutionality or invalidity of a statute or ordinance must be specially pleaded in the trial court, Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971). In the present case, neither the defendants nor the intervenors pleaded the illegality of Ordinance No. 7-1965. Therefore, the issue is not before us.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.