BEER, Judge.
Chateau Rosa, Inc., operates a restaurant in Jefferson Parish, Louisiana, in a converted residence. Alcoholic beverages are served to customers from a “service bar” which meets the descriptive requirements set forth in Jefferson Parish Comprehensive Zoning Ordinance Number 3813, Section 61 A.
Although alcoholic beverages prepared at the service bar are, in accordance with the above-stated ordinance, served only to patrons in the dining room area, some of those patrons are seated around a large piano instead of conventional dining tables. Some of the patrons seated around the piano are eventually seated at dining tables to partake of a meal, but others who have ordered drinks may not necessarily be waiting to be shown to a dining table and served a meal. In any event, the alcoholic beverages served to them are prepared in the same manner and delivered to them in the same manner as those alcoholic beverages ordered by patrons who are seated at conventional dining tables. On some occasions, the piano is played by an employee of the restaurant to provide entertainment to all of the patrons, including those seated around the piano.
*461 Plaintiff-appellee made timely application for renewal of its alcoholic beverage permit but was denied same by resolution of the Jefferson Parish Council dated March 14, 1974, designated Resolution Number 23436.
Apparently no prior notice or hearing took place in connection with the denial which was based upon a determination by the Jefferson Parish Council that Chauteau Rosa, Inc., was in violation of applicable provisions of the Jefferson Parish Comprehensive Zoning Ordinance. The ordinance permits a restaurant in a “Neighborhood Commercial District” to operate a “service bar” but prohibits the serving and selling of alcoholic beverages to customers standing or seated at the bar.[1]
As a result of this denial, Chateau Rosa, Inc., filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson seeking injunctive relief to compel the Jefferson Parish Council to issue the necessary alcoholic beverage permit and to enjoin further interference with the operation of plaintiff’s business on the part of the Council and/or the Sheriff of Jefferson Parish.
Upon the matter being set for trial, the parties stipulated various pertinent facts and submitted various exhibits to the trial court which form the major part of the record now before us. No testimony was presented but the trial court heard and considered argument of counsel. Thereafter, the trial court rendered judgment in favor of plaintiff, Chateau Rosa, Inc., and against defendants the Jefferson Parish Council and Alwynn J. Cronvich, Sheriff of the Parish of Jefferson, ordering the Jefferson Parish Council to issue to plaintiff, Chateau Rosa, Inc., an alcoholic beverage permit for the year 1974 and enjoining defendants from interfering with the lawful operation of plaintiff’s business at 113 Rosa Avenue, Metairie, Louisiana. The trial court, in written reasons for judgment, found that plaintiff-appellee’s operation, conducted in the manner noted previously in this opinion, did not violate the Jefferson Parish Comprehensive Zoning Ordinance and accordingly determined that there was no valid basis upon which the alcoholic beverage permit should be withheld, citing Roberts v. Jefferson Parish Council, 235 So.2d 131 (La.App. 4th Cir. 1970). We affirm.
Although no brief was filed by appellee in this court and the matter was submitted to us for adjudication without oral argument on the part of either party, the written reasons for judgment prepared by the able trial judge are consistent with the record.
Chateau Rosa, Inc., operated a service bar from which patrons in the dining area were served. Patrons not seated at conventional dining tables are, nevertheless, subject to the same form of service with respect to their consumption of alcoholic beverages. The mere presence of a piano sometimes played by an employee of the restaurant for the enjoyment of all patrons of the restaurant and sometimes used as a place upon which some patrons place their drinks does not constitute a violation of the Jefferson Parish Comprehensive Zoning Ordinance and is not a proper basis upon which the application for renewal of the alcoholic beverage permit was rejected by Jefferson Parish Council Resolution Number 23436.
The judgment is affirmed at appellant’s\. cost.

Affirmed.

. Jefferson Parish Code of Ordinances, Chapter 3, Sections 3-10 et seq.