LOTTINGER, Judge.
Plaintiffs sued defendants for the return of real estate option money in the total amount of $24,000.00. The Trial Court rendered judgment as prayed for, and defendants have taken this suspensive appeal.
For some time prior to the summer of 1970, Roberts United Methodist Church in Denham Springs was interested in promoting the construction of a multi-family apartment project for low and moderate income residents under Section 236 of the National Housing Act. At that time, the Church group contacted Denham Street Apartments, a partnership registered in Baton Rouge, composed of Victor A. Achee, Alfred R. Guglielmo, william E. Day, Jr., F. G. Sullivan, Jr., and Bobby L. Forrest. The partnership agreed to assist the Church with its development plans in exchange for the right to build and manage the apartment project.
In August 1970, defendants J. L. Mallett, W. R. Copeland and C. R. Tyler, by written instrument granted an option to Bobby L. Forrest described in the instrument as acting as, “attorney for an undisclosed principal later to be designated,” on property partially in and partially outside the city limits of Denham Springs in Livingston Parish. The option was for 90 days at a consideration of $3,000.00, grantee having the right to renew the option for three additional 30 day periods upon payment of $1,000.00 for each 30 day period. The written agreement provided that if the option was exercised, then the option money would be returned to grantee and would not be applied to the purchase price. It further provided, . . . “this Option is predicated upon subject property being rezoned to a zoning classification that will permit the construction of multi-family dwellings.” This 90 day option period began to run on August 24,1970. The record contains testimony from members of Roberts United Methodist Church that the Church paid the $3,000.00 for this option out of one of its accounts.
On June 4,1970, the City Council of Den-ham Springs rezoned the property in question to M-l Multi-Dwelling, which was a zoning suitable for the intended purpose.
In September 1970, a nonprofit corporation known as Roberts Apartment Agency, Inc. was formed, having a board, officers, etc., made up of members of Roberts Avenue Methodist Church.
Because of the time required for rezoning, and by agreement of the parties in October 1970, defendants-appellants granted Forrest, as attorney for an undisclosed principal, six additional 30 day option periods at the consideration of $1,000.00 for each 30 day period. This written agreement provided that payments made for these option extensions, “will not be applied to the purchase price.”
Apparently because of delays in processing the F.H.A. commitment, in September *155 1971, defendants-appellants granted Forrest, as attorney for an undisclosed principal, six additional 30 day option periods at the consideration of $1,000.00 for each 30 day period to begin running from August 24, 1971. This written agreement provided that the payments, “shall not be applied to the purchase price.” It is important to note that this third instrument contained an acknowledgment that the prior extension periods had extended the option to August 24, 1971 though, as a matter of fact, an actual counting of days would not have extended the option that long. This instrument also acknowledged receipt of all monies due for the original option and the extensions thereto.
On January 31, 1972, in order to meet a requirement of F.H.A., the parties entered into separate option agreements for the property inside the city limits of Denham Springs and for that outside. Each of the options was initially granted for one month at a consideration of $500.00, and each provided the right to renew the option for six additional one month periods at $500.00 each. Each agreement provided that it was in lieu of all previous options, and the agreement pertaining to the acreage within the city limits provided that, “all monies previously paid will not be returned to purchaser, except $3,000.00.” In addition, both provided, “In the event the Option is exercised, then the option money would not be returned to PURCHASER and would not be applied to the purchase price.” Both also provided, “ . . . this Option is predicated upon subject property being rezoned to a zoning classification that will permit the construction of multi-dwellings.”
By Judgment on or about June 23, 1972, in separate legal proceedings apparently unknown to any of the parties to this lawsuit, the rezoning ordinance passed on June 4,1970 was declared void by a district court.
In November 1972, in order to attempt to salvage the project, the three defendants as grantors and Bobby Forrest, acting as attorney for an undisclosed principal later to be designated, as grantee, entered into a six month option on property outside of the city limits of Denham Springs, for a consideration of $1.00. No mention was made of zoning or the disposition of the option consideration.
In connection with the option agreement on the property outside of the city limits, the parties also executed a counter letter which provides that if the option was exercised, then all sums paid for previous options would be returned. The counter letter also contained the following language:
“It is further agreed and understood that in the event it is impossible to culminate the sale pursuant to the terms of a new option, then in that event the parties will stand in the same legal relationship as they stood on November 8, 1972, prior to the execution and preparation of the new options, neither party waiving any rights or privileges, and neither party shall be relieved of any obligation or obligations under the options previously executed as revised.”
The counter letter provides that utilities and sewer lines would be brought to the property at the expense of grantor. There was testimony at the trial that the City of Denham Springs would not allow use of its utilities and sewer lines, and the Trial Judge, in written reasons for judgment, found that this last option was not exercised because of difficulties beyond the control of the parties.
With regard to the original option, its extensions, and the two options prepared to split the land in order to meet F.H.A. requirements, it is necessary to consider the Judgment declaring the zoning ordinance for multi-family classifications to be void. According to the Supreme Court of Louisiana, such a holding results in the same condition as though the ordinance had not been passed. O. L. Archer et al v. City of Shreveport, 226 La. 867, 77 So.2d 517 (1955) and Vieux Carre Property Owners and Associates, Inc., et al v. City of New Orleans et al, 246 La. 788, 167 So.2d 367 (1964). Defendants argue that the property in question was zoned multi-family during the time the options and extensions were in existence, and thus, the requirements as to *156 zoning had been met. Defendants also argue that the delay caused by F.H.A. in processing the transaction is the thing that prevented the sale from taking place prior to the rezoning being declared void. They ask us to assume a situation that Forrest allowed his options to expire while the property was suitably zoned. They also ask us to assume that the zoning ordinance was later declared void some two or even ten years later. But those are not the facts we are called on to consider.
The Trial Judge interpreted the language in the original option and in the two options splitting the property into two tracts which states that the options were predicated upon the property being rezoned to a zoning classification that will permit construction of multi-family dwellings to mean that the rezoning was a condition of the contract and failure thereof was a failure of cause. He therefore determined that all monies should be returned to plaintiffs.
Defendants-appellants make a number of arguments as to reasons the Trial Court is in error.
Defendants argue that Roberts Apartment Agency, Inc. and Bobby L. Forrest were not the proper parties to assert the claims of this lawsuit and also that Forrest was not properly authorized to act as agent for Roberts Apartment Agency, Inc. The grantee in the three options was, “Bobby L. Forrest, ... or anyone designated by him, it being agreed and understood that said attorney is acting as attorney for an undisclosed principal later to be designated.” The grantee in the two extensions to the first option was, “Bobby L. Forrest, attorney for an undisclosed principal.” Therefore, in each instance Forrest was designated as an agent for an unnamed party. Defendants’ argument seems futile since both Forrest and Roberts Apartment Agency, Inc. are plaintiffs, and if Forrest is not an agent, then by law he is deemed to have acted individually. It would make no sense to argue that he paid the option money for no one. Since both Forrest and Roberts Apartment Agency, Inc. are plaintiffs it is unnecessary to make a determination as to whether Forrest acted individually or as agent of Roberts Apartment Agency, Inc.
Defendants argue that plaintiffs failed to prove they had paid and were entitled to the return of $24,000.00. The September 1971 instrument which was the second extension granting six additional 30 day option periods states that, “said parties hereto acknowledge receipt of all moneys paid for the above referred options. . . . ” This amounts to a receipt of $12,000.00 due through August 24, 1971. Defendants’ brief as much as admits receipt of $7,000.00 due under the terms of the two agreements dated January 31, 1972, splitting the option agreements into property inside and outside the city limits of Denham Springs. There remains $5,000.00 for August through December of 1971. The Trial Judge might well have considered the fact that defendants at no time made the argument that the options lapsed because plaintiffs did not pay the monthly consideration due thereunder. A reasonable evaluation of inferences of fact by the Trial Court will not be disturbed on appeal. Canter v. Koehring, 283 So.2d 716 (La.1973).
Defendants argue that the Trial Court erred in holding the options to be continuous transaction. We think the Trial Court was correct in this conclusion inasmuch as there is no question that two extensions to the original option would be considered part thereof and the two options entered into January 31, 1972 were agreed to by the parties for the purpose of satisfying F.H.A. requirements.
Defendants argue that the Trial Court erred in failing to find that the plaintiffs acted reasonably by failing to pursue further zoning changes when the city’s zoning ordinance was struck down. It is interesting to note that none of the instruments executed by the parties placed the burden on either grantor or grantee to achieve the necessary zoning changes. Since it was not plaintiffs’ duty by the terms of the agreements, defendants’ argument is without merit.
Defendants argue that the Trial Court erred in failing to construe certain vague *157 and inconsistent provisions of the agreements against the plaintiffs as the preparer of the documents. The main question running through this litigation is what is meant by the language that the zoning change was a “condition precedent.” Though this language is not as explanatory as it might have been, it seems clear that plaintiffs were not interested in the property, and therefore would not be paying the option money, unless it were rezoned to permit the construction of a multi-family apartment project. We agree with the Trial Court that the lack of zoning for the desired apartment project made the property of little or no value to plaintiffs resulting in a failure of the cause for which the options were negotiated.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by appellants.
AFFIRMED.