(Nos. 26525, 26526.— ▮▮▮▮▮▮)
THE CITY OF CHICAGO, Appellant, *v.* CHURCHILL CABINET COMPANY, Appellee.—THE CITY OF CHICAGO, Appellant, *vs.* S. KARPEN & BROS., Appellee.

*Opinion filed March 17, 1942.*

BARNET HODES, Corporation Counsel, (MARTIN H. FOSS, of counsel,) for appellant.

ARTHUR A. SULLIVAN, and MARKMAN, DONOVAN & SULLIVAN, (JOHN P. SULLIVAN, of counsel,) for appellees.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

These cases, *City of Chicago* v. *Churchill Cabinet Co.* No. 26525, and *City of Chicago* v. *S. Karpen & Bros.,* No. 26526, have been consolidated in this court. Each case was started in the municipal court of Chicago for an alleged violation of an ordinance of that city. They were tried before the court without a jury on a stipulation of facts. The judgments entered were in favor of the defendants. The city prosecuted a direct appeal to this court on the certificates of the trial judge that the validity of a municipal ordinance was involved and the public interest required a direct appeal.

· The pertinent parts of the ordinance are: "No person shall conduct or operate a lumber yard or lumber storehouse without first having obtained a license therefor. Included hereunder, but not limited hereby, shall be all lumber yards, lumber storehouses, and other places where new, used, finished or unfinished lumber, timber, wood (except firewood,) wooden boxes, wooden barrels, veneers, ply woods, flex woods and the like, in excess of five thousand board feet, are kept, placed, stored, or piled for sale or use."

The annual license fee was $150 for each separate location, place or premise where lumber was stored and an additional fee of $1 for each person engaged in the handling of the lumber at such place or places. It contained excep-

tions not material here. It included provisions prohibiting their location within two hundred feet of a school, church, or institutional building. It prohibited the piling of lumber, either new or old, and other combustible material within fifty feet of any building or twenty-five feet of a fireproof building unless such building was of certain fireproof construction. It regulated the height to which lumber might be piled and provided for aisles or passageways between the piles. It had a requirement for frontage consents and imposed a penalty in the event of violation.

The Churchill company was engaged in the manufacture of wooden radio and phonograph cabinets and other similar articles. Its business was carried on in its buildings which had a combined floor area of more than 65,000 square feet. On the date alleged in the complaint, it had on its premises more than 5000 board feet. A few days thereafter it had been increased to approximately 200,000 board feet, 72,000 feet of which were stored in the building, 120,000 in the yard outside, one half of which was against the south wall of the building and the remainder some distance from it. Defendant paid the fee and obtained a license for the years 1939 and 1940. The prosecution was for failure to obtain a license for 1941.

The Karpen company manufactured living-room furniture. Its buildings were larger than the Churchill company and the quantity of lumber on its premises was greater but the manner of storage was similar. Neither company kept any of the lumber for sale at retail. The Churchill company plant was not sprinkled, while that of the Karpen company was sprinkled. The Karpen company complied with the ordinance by obtaining a license for the years 1938, 1939 and 1940. The prosecution was for failure to obtain a license for 1941.

Each defendant admits that on the face of the ordinance it is subject to its terms, but each contends that the city did not have the power to enact ordinances for

the regulation by licensing of a business such as the one in which it is engaged.

The city contends the ordinance is a regulatory measure enacted in the interest of regulating and controlling the storage of lumber and other combustible material for the purpose of reducing and neutralizing fire hazards. Defendants' contention that the city did not possess the statutory power to enact the ordinance limits the inquiry as to the legal effect to be given certain statutory provisions.

The city refers to the following statutory enactments as conferring the power upon cities to enact such an ordinance. Article 5, section 4, paragraph 65.3 of the Cities and Villages act, (Ill. Rev. Stat. 1939, p. 384,) empowers the city "to fix the amount, terms and manner of issue and revoking licenses." Section 63, paragraph 65.62 " * * * to regulate and prevent the carrying on of manufactories dangerous in causing and promoting fires." Section 65, paragraph 65.64 to regulate and prevent storage of certain inflammable and explosive material "and other combustible or explosive material." Section 91, paragraph 65.90 "to tax, license and regulate * * * lumber yards, lumber storehouses" etc., and section 93, paragraph 65.92 "to regulate and prohibit the keeping of any lumber or coal yard, and the placing or piling, or selling any lumber, timber, wood, coal, or other combustible material within the fire limits of the city or village: provided, that this clause shall not be construed to require the removal of any lumber or coal yard from any location which it lawfully occupied at the time of the passage of any ordinance hereunder."

These cases may be decided by confining the discussion to section 93. Defendants contend that the proviso under section 93 renders the entire section unconstitutional and rely upon the holding in *People ex rel. Roos* v. *Kaul,* 302 Ill. 317. In that case the validity of paragraph 82 of section 1 of article V of the Cities and Villages act as amended

in 1919 was attacked. It granted cities and villages power to locate and regulate certain businesses such as breweries, distilleries, livery, boarding or sales stables, and blacksmith shops, and contained a proviso that it should not be construed to require the removal of any such business from any location which was lawfully occupied by it at the time of passage of any ordinance authorized by the act. It was held that the ordinance was unconstitutional for the reason that the proviso undertook to authorize a distinction between businesses which were previously established and those established after the passage of the ordinance. The proviso made it possible to enact an ordinance which would impose a penalty for an act done by one person but permit another to do the same act under like circumstances without being subject to the imposition of a penalty. In that case it was said the invalidity of the proviso invalidated the whole of paragraph 82. Under the rule announced in the *Kaul case* the whole of section 93 as amended in 1919 is unconstitutional.

The effect [of the invalid amendment] upon section 82 as it existed prior to the adoption of the amendment was before this court in *Rippinger* v. *Niederst,* 317 Ill. 264. It was said: "So far as clause 82 is concerned the amendatory act of 1919 was in no part valid, for the reason that the proviso added to that clause caused the entire clause to fall. * * * The amendatory act of 1919 contained no repealing clause and an unconstitutional statute does not repeal a former law or part of law by implication. (*People* v. *Fox,* 294 Ill. 263; *People* v. *Butler Street Foundry Co.* 201 id. 236; 1 Lewis' Sutherland on Stat. Const. sec. 245.) * * * We are of the opinion that the ineffectual attempt to amend clause 82 left that clause in force as it was enacted in 1911 and that the city of Chicago had authority to pass the ordinance assailed here."

Paragraph 93 as originally enacted declared: "To regulate and prohibit the keeping of any lumber yard, and the

placing or piling or selling any lumber, timber, wood, or other combustible material, within the fire limits of the city." (Laws of 1871-72, page 234.) The amendatory act of 1919 added coal yards as a subject of regulation and attached the proviso. The facts in reference to the 1919 amendment of section 93 and the absence of a repealing clause are the same as were considered in reference to section 82 in the *Rippinger case*. Applying the rule announced in that case which has been followed in *Ruban* v. *City of Chicago,* 330 Ill. 97, and *Crerar Clinch Coal Co.* v. *City of Chicago,* 341 id. 471, the result would be that section 93 as it existed prior to the amendatory act of 1919 when the proviso was added, would still be in full force and effect. In that case it was also held that it was immaterial whether the ordinance in question was passed before or after the adoption of the amendatory act of 1919, that such amendatory act never having been in effect the previous enactment was in effect and under it the ordinance in question was authorized. Those cases are controlling here.

Section 93 previous to the amendment contained an express grant of power to cities and villages authorizing them to regulate and control lumber yards and the piling and storing of lumber therein. The ordinance in question was passed pursuant to that power and was regulatory in character and enacted as a fire-prevention measure. It did not undertake to regulate defendants' business or impose a fee upon their right to carry on a manufacturing business.

Each of the judgments of the municipal court is reversed and the causes are remanded to that court for further action in accord with the views expressed.

*Reversed and remanded.*