HAMITER, Justice.
 

 In the Municipal Court of New Orleans the defendant, Dan Levy, was prosecuted under separate affidavits for alleged violations of Ordinance No. 14,538 C.C.S., as amended, which provides for the regulating of the Vieux Carre Section of such city wherein he operates a business. Specifically, the charges were: (1) On October 16, 1951 — displaying signs in excess of area and of illuminating character prohibited by law, and (2) on February 20, 1952 — addition to building by enclosure with pink plastic without, obtaining a permit from the Vieux Carre Commission.
 

 Found guilty, and sentenced on each charge to a fine of less than $300, defendant requested and obtained appeals which have been consolidated and are docketed here under one number. In entertaining them we are restricted to a consideration of those issues that relate to the constitutionality or legality of the ordinance imposing the penalties, its contestation constituting the sole basis for our having jurisdiction.
 

 By Article 14,. Section 22A of the Louisiana Constitution, added by. Act No, 139 of 1936 as adopted November 3, 1936, the
 
 *19
 
 .City of New Orleans obtained the right to establish and maintain the Vieux -Carre Commission, for the purpose and under the circumstances therein outlined, the pertinent portions of which read as follows:
 

 “The Commission Council of the City of New Orleans is hereby authorized to create and organize a Commission to be known as the Vieux Carre Commission, to be appointed by the Mayor of said City with the advice and consent of its Commission Council and to be composed of nine members, all of whom shall be citizens of the City of New Orleans. * * *
 

 “The said Commission shall have for its purpose the preservation of such buildings in the Vieux Carre section of the City of New Orleans as, in the opinion of said Commission, shall be deemed to have architectural and historical value, and which buildings should be preserved for the benefit of the people of the City of New Orleans and the State of Louisiana, and to that end the Commission shall be given such powers and duties as the Commission council of the -City of New Orleans shall deem “fit and necessary.
 

 “The Vieux Carre section of the City of New Orleans is hereby defined to comprise all that area within the City Limits of the City of New Orleans contained within the following boundaries: The River, Uptown side of Esplanade Avenue, the River side of Rampart Street, and the lower side of Iberville Street.
 

 tC%
 
 ‡
 
 %
 
 ifc if?
 

 “The preservation of the buildings in the Vieux Carre section of New Orleans having architectural and ’historical value is hereby declared to be a public purpose and the City of New Orleans is hereby authorized to acquire by purchase or expropriation or otherwise, such buildings and other structures in that section of the City of New Orleans, as the said Vieux Carre Commission may recommend to the Commission Council.
 

 “Hereafter and for the public welfare and in order that the quaint and distinctive character of the Vieux. Carre section of the City of New Orleans may not be injuriously affected, and in order that the value to the community of those buildings having architectural and historical worth may not be impaired, and in order that a reasonable degree of control may be exercised over the architecture of private and semi-public buildings erected on or abutting the public streets of said Vieux Carre section, whenever any application is made for a permit for the erection of any new building or whenever any application is made for .a permit for alterations or additions to any existing -building, any portion of which is to front on any public street in the Vieux Carre section, the plans
 
 *21
 
 therefor, so far as they relate to the appearance, color, texture of materials and architectural design of the exterior thereof shall be submitted by the owner to the Vieux Carre Commission and the said Commission shall report promptly to the Commission Council its recommendations, including such changes, if any, as in its judgment are necessary, and the said Commission Council shall take such action as shall, in its judgment, effect reasonable compliance with such recommendation, or to prevent any violation thereof.
 

 “The Commission Council of the City of New Orleans may, by ordinance or otherwise, carry the above and foregoing provisions into effect.
 
 %
 
 # ‡
 
 »
 

 In conformity with that authorization the Commission Council of the City of New Orleans, on March 3, 1937, adopted Ordinance No. 14,538 C.C.S., creating and organizing the Vieux Carre Commission, which largely tracked the quoted constitutional provision. Additionally, the ordinance prescribed detailed governing regulations for the Vieux Carre section, particularly with respect to alterations to and construction of buildings and to the erection and maintenance of signs; and it imposed penalties for violations.
 

 Until May 25, 1946 the ordinance, although changed somewhat from time to time in some other respects, continued to describe and define the Vieux Carre section exactly as was done in the constitutional grant, namely “ * * * all that area within the City Limits of the' City of New Orleans contained within the following boundaries: The River, Uptown side of Esplanade Avenue, the River side of Rampart Street, and the lower side of Iberville Street.” On such date, however, Ordinance No. 16,430 C.C.S. was adopted which provided:
 

 “Section I. Be It Ordained By The Commission Council Of The City Of New Orleans, That Ordinance No. 14,538 C.C.S. * * * be amended by adding a Section to follow Section 19 of said Ordinance to be known as Section 19%, reading as follows:
 

 “Section 19%. That the regulations established by Ordinance No. 14,538 C.C.S., as amended, shall not apply to the following areas, viz.:
 

 “The River-side lots -and buildings on North Rampart Street, from Conti Street to Esplanade Avenue, not to exceed their present depth, and in no case to exceed the depth of one-half of the square; Square No. 96 bounded by Iberville, Rampart, Bienville and Burgundy Streets; Square No. 97 bounded by Bienville, Rampart, Conti and Burgundy Streets; the squares contained in the area bounded by Wilkinson Street, the River-side of Decatur Street, from Wilkinson to Iberville Street, and the Mississippi River; all properties and lots on which same
 
 *23
 
 are located, presently occupied by the Monteleone Hotel in Square 35, bounded by Iberville, Royal, Exchange Alley and Bienville Street.
 

 “Section 2. Be It Further Ordained, Etc., That Ordinance No. 14,538 C.C. S., as heretofore and now amended be, and the same is hereby re-enacted.”
 

 Prior to the adoption of such amendment this court, on two separate occasions, considered the question of the validity of the ordinance and decreed it to be legal and constitutional. City of New Orleans v. Impastato, 1941, 198 La. 206, 3 So.2d 559 and City of New Orleans v. Pergament, 1941, 198 La. 852, 5 So.2d 129. Nevertheless, defendant asserts herein that he is raising certain constitutional challenges not heretofore passed upon.
 

 First, he maintains that the ordinance contravenes constitutional rights in that it is vague and indefinite and without adequate standards, thereby failing to inform an accused of the nature and cause of alleged violations, he especially directing attention to the use of the words “architectural and historical,” “quaint and distinctive,” and “theatres.” We do not agree. The word “theatres” is found in an exempting clause of the ordinance reading: “Existing hotels having a room capacity of fifty rooms or over, and all existing
 
 theatres
 
 housed in buildings having no architectural or historical value shall-be allowed to maintain such' displays as are permitted by, law to.establishments of this nature in other Sections of the City.” Accepted in its usual and customary sense, as must be done in view of its use here, such word is readily understandable and, hence, is sufficiently definite. The remaining mentioned words likewise are not vague, and they constitute adequate standards, when read in context. The ordinance, as well as the authorizing constitutional provision in which they are also contained, relates exclusively to a particular section of the City of New Orleans and clearly purposes to preserve its antiquity and the unique architecture existing therein that was influenced by the French and Spanish of an earlier period. No one, therefore, could possibly mistake the meaning of or be confused by the ordinance’s reference to buildings in the Vieux Carre section of the City of New Orleans having “architectural and historical value” and to “the quaint and distinctive character” of such section.
 

 Next, defendant contends “that the sign provisions, Sections 6 through 16, of the Vieux Carre ordinance are beyond the authorization for enactment set forth by the constitutional amendment and likewise, the said sign provisions are beyond the scope of regulation authorized by the Constitutional Amendment and by Section 3 of the ordinance, since the sign ordinance purports to regulate all signs in the Vieux Carre rather than only those signs on buildings having architectural and historical value.” In City of New Orleans v. Pergament, supra, [198 La. 852, 5 So.2d
 
 *25
 
 131], the identical contention was made "and it was correctly held to be without merit. The defendant therein was prosecuted for displaying on his building, which was without architectural and historical worth, a large sign violative of the ordinance. His counsel, in the brief filed here, argued: “Further, exceeding its authority, the ordinance gives the Commission power to limit and restrict property not having1 any architectural or historical value whatsoever.” Answering this argument, as well as other arguments, we said:
 

 “The ordinance might be deemed violative of the equal protection clause in the Fourteenth Amendment if the ordinance undertook to confer upon the Vieux Carre Commission the authority to grant or withhold permits arbitrarily, or without prescribing uniform requirements or standards which all persons similarly situated should be obliged to comply with. But the ordinance does prescribe such uniform requirements or standards. And there is nothing arbitrary or discriminating in forbidding the proprietor of a modern building, as well as the proprietor of one of the ancient landmarks, in the Vieux Carre to display an unusually large sign upon his premises. The purpose of the ordinance is not only to preserve the old buildings themselves, but to preserve the antiquity of the whole-French and Spanish quarter, the tout ensemble, so to speak, by defending this relic against iconoclasm or vandalism. Preventing or prohibiting eyesores in such a locality is within the police power and within the scope of this municipal ordinance. The preservation of the Vieux Carre as it was originally is a benefit to the inhabitants of New Orleans generally, not only for the sentimental value of this show place but for its commercial value as well, because it attracts tourists and conventions to the city, and is in fact a justification for the slogan, America’s most interesting city.
 

 “The defendant’s complaint that the municipal council did not have authority to enact the ordinance is not well founded. * * * ”
 

 Further, this defendant takes offense to Section 11 of the ordinance which pertains to illumination signs, he urging that contained therein is an arbitrary delegation of legislative power to the Vieux Carre Commission. Objectionable to him is a provision following the requirement that lighting shall be by certain specified indirect methods, it stating “or by any acceptable method of indirect lighting approved by the Vieux Carre Commission.” Conceding arguendo that this provision is unconstitutional, it is severable by reason of the savings clause contained in the ordinance .and the only effect of the nullity would be the deletion thereof, leaving in force the required specific methods listed. Whether defendant did or .did not -violate these we are unable, to determine,, for the
 
 *27
 
 record contains no bill of exceptions to which evidence is attached.
 

 Another contention of defendant is that the ordinance denies him the equal protection of the law and, thus, is violative of the Fourteenth Amendment to the United States Constitution. While admitting that the issue was raised and specifically rejected in the Pergament case (the above quoted part of the opinion discloses this), .he argues that subsequent to that decision the amending ordinance of May 25, 1946 (No. 16,430 .C.C.S.) excepted a number of squares within the area of the Vieux Carre section as constitutionally defined, this being in direct violation of the Louisiana Constitution and causing a discrimination against him in favor of those businesses within the excepted portion. Ordinance No. 16,430 C.C.S. does tend to render the Vieux Carre section smaller than that delineated in the constitutional amendment, and there appears to be no authority for the action of the Commission Council of the City of New Orleans in attempting to accomplish a reduction in the size of the area. But if the amending ordinance be unconstitutional, as contended, defendant is not thereby benefitted. Its nullity can result only in the re-instatement and re-establishment of the constitutional boundaries as originally ordained. This court and the courts of other jurisdictions have uniformly held that an unconstitutional exception which would have invalidated a statute- or ordinance had it been contained therein originally does not have the same effect when added by an amendment years later, notwithstanding that on the adoption of the amendment the original legislation is re-enacted at length. The unconstitutional amending statute or ordinance is in reality no law, and in legal contemplation is as inoperative as if it had never been passed. State v. Dalcourt, 112 La. 420, 36 So. 479; State v. Donato, 127 La. 393, 53 So. 662; City of Shreveport v. Kahn, 136 La. 371, 67 So. 35; State v. Boylston, 138 La. 21, 69 So. 860; Frost v. Corporation Commission, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483; People v. C. Klinck Packing Company, 214 N.Y. 121, 108 N.E. 278; City of Chicago v. Churchill Cabinet Company, 379 Ill. 351, 40 N.E.2d 518; State v. Ehr, 57 N.D. 310, 221 N.W. 883; Ex parte Masters, 126 Okl. 80, 258 P. 861; Dupree v. State, 184 Ark. 1120, 44 S.W.2d 1097; 11 Am.Juris., verbo Constitutional Law, Sec. 154, pg. 841; Sutherland, Statutory Construction, 3rd Ed., Vol. 3, Sec. 2412, pg. 189; Crawford, Statutory Construction, Secs. 124 and 320, pgs. 182 and 652.
 

 Finally, defendant takes the position that “Article XIV, Section 22A of the Louisiana Constitution and the ordinances enacted pursuant thereto are unconstitutional since they are enacted solely for esthetic purposes and are not within the police power.” Perhaps esthetic considerations alone would not warrant an imposition of the several restrictions contained in
 
 *29
 
 the Vieux Carre Commission Ordinance. But, as pointed out in the Pergament case, this legislation is in the interest of and beneficial to the inhabitants of New Orleans generally, the preserving of the Vieux Carre section being not only for its sentimental value but also for its commercial value, and hence it constitutes a valid exercise of the police power. Incidentally, both the constitutional amendment and the ordinance recite that the preservation is for the public welfare.
 

 For the reasons assigned the convictions and sentences are affirmed.