

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 30, 1975

The Honorable Bevington Reed
Commissioner, Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. H- 620

Re: Applicability of the Texas
Antiquities Code to proposed
demolition of buildings by the
Dallas Community College.

Dear Dr. Reed:

You have requested our opinion concerning the applicability of the Texas Antiquities Code, article 6145-9, V. T. C. S., to three structures owned by the Dallas County Community College District. Specifically your questions are:

> (1) Is section 6 of article 6145-9 overbroad, vague, undefinable, and without ascertainable limits and hence unenforceable, and does it constitute the taking of property without due process of law in violation of the State and Federal Constitutions?

> (2) Is the Dallas County Community College District required to obtain a permit from the Texas Antiquities Committee before demolishing the three westernmost structures of the El Centro College complex, Dallas, Texas, in view of the undisputed fact that the present El Centro building program was approved and begun in 1973 and that by April 8, 1975, when said buildings were placed on the National Register 90% of the funds allocated for the project had been committed in contracts?

(3) If a political subdivision of the State of Texas such as the Dallas County Community College District, complies with the requirements of Article 5421q, Texas Revised Civil Statutes, and in making its decision to demolish certain structures finds that there are no feasible alternatives to the removal of said structures, and no petition for review of said decision is made within the thirty days required by Section 3 of said statute, does that political subdivision nonetheless still have to obtain a demolition permit from the Texas Antiquities Committee?

(4) Does Article 6145-9 (the Texas Antiquities Code), and in particular its Section 6, apply to the buildings at hand, since said buildings have no connection to prehistoric and historical American Indian or aboriginal campsites, dwellings, and habitation sites?

Your first question concerns the scope of article 6145-9, and its constitutionality. Section 6 provides:

All other sites, objects, buildings, artifacts, implements, and locations of _historical,_ archeological, scientific, or educational _interest,_ including but expressly not limited to, those pertaining to prehistoric and historical American Indian or aboriginal campsites, dwellings, and habitation sites, their artifacts and implements of culture, as well as archeological sites of every character _that are located in, on or under the surface of any lands belonging to the State of Texas or by any county, city, or political subdivision of the state are hereby declared to be State Archeological Landmarks and are the sole property of the State of Texas and all such sites_ or items located on private lands within the State of Texas in areas that have been designated as a "State Archeological Landmark" as hereinafter provided, _may not be taken, altered, damaged, destroyed,_

> salvaged, or excavated without a permit from, or
> in violation of the terms of such permit of, the
> Antiquities Committee.   (Emphasis added).

We need not reach the question of whether the State may take ownership of property from its political subdivisions without providing compensation, for your request concerns only the designation of Archeological Landmarks and the permit requirement. These provisions operate independently of the clause declaring such Landmarks "the sole property of the State of Texas."

A permit requirement for the construction of buildings is a common exercise of the State's police power. Meserole v. Board of Adjustment City of Dallas, 172 S. W. 2d 528 (Tex. Civ. App. -- Dallas 1943, no writ); City of Dallas v. Meserole, 155 S. W. 2d 1019 (Tex. Civ. App. -- Dallas 1941, writ ref.'d., w. o. m.); see Moody v. City of University Park, 278 S. W. 2d 912 (Tex. Civ. App. -- Dallas 1955, writ ref'd n. r. e.). A state's police power to protect the general welfare of its citizens has consistently been held to extend to the preservation of historic sites. Opinion of the Justices to the Senate, 128 N. E. 2d 557 (Mass. 1955); City of Santa Fe v. Gamble - Skogmo, Inc., 389 P. 2d 13 (N. M. 1964); City of New Orleans v. Levy, 64 So. 2d 798 (La. 1953); Rebman v. City of Springfield, 250 N. E. 2d 282 (App. Ct. Ill, 4th Dist. 1969); Cf., Mayor and City Council of Baltimore v. Mano Swartz, Inc., 299 A. 2d 828 (Md. 1973). Maher v. City of New Orleans, 371 F. Supp. 653 (E. D. La. 1974).

In City of Dallas v. Crownrich, 506 S. W. 2d 654 (Tex. Civ. App. -- Tyler 1974, writ ref'd. n. r. e.), the Court held:

> A city such as Dallas would be entitled under its
> zoning authority to zone a particular area as a
> historic district.

The Texas Supreme Court has recognized the governmental interest in the preservation of historic sites and the application of the Antiquities Code thereto. San Antonio Conservation Society, Inc. v. City of San Antonio, 455 S. W. 2d 743 (Tex. Sup. 1970). In addition,

> The government under its police power always
> has the right to enact any and all legislation that
> may be reasonably necessary for the protection of
> the health, safety, comfort, and welfare of the public.
> Ex parte Thomas, 174 S. W. 2d 958, 960 (Tex. Sup. 1943).

Accordingly, it is our opinion that the designation of sites of historic interest as State Archeological Landmarks and the permit requirement of the Antiquities Code are valid exercises of the State's police power. As such, no compensation is necessary for losses resulting from the operation of the Act. State v. City of Austin, 331 S. W. 2d 737 (Tex. Sup. 1960); Town of Ascarate v. Villalobos, 223 S. W. 2d 945 (Tex. Sup. 1949); Ellis v. City of West University Place, 175 S. W. 2d 396 (Tex. Sup. 1943). It is therefore our opinion that the Antiquities Code's designation of historic sites as State Archeological Landmarks and its permit requirement are not unconstitutional as a taking of property without just compensation.

> There might, however, be particular instances
> in which decisions of the [Committee], because
> of peculiar hardship and remoteness from the
> legitimate purposes of the act, would be unconsti-
> tutional applications of it. Opinion of the Justices
> to the Senate, supra at 562.

Indeed, there may be circumstances in which a site is of such slight historic interest and of such little utility that the denial of a permit would amount to an unreasonable and arbitrary exercise of the Committee's power. Whether this is the case in this instance is a question of fact which can not be resolved in an opinion of this office.

The second facet of your first question concerns the limits of the Act's description of State Archeological Landmarks. Since your request pertains to sites of "historic interest," we will limit our discussion to the proper definition of that term. While the Antiquities Code contains no definition of "historic interest,"

> [i]t is a settled rule of statutory interpretation that
> statutes that deal with the same general subject
> . . . are considered as being in pari materia . . .
> and [are to be] construed together. 53 Tex. Jur. 2d
> Statutes, §186, p. 280, 281, citing among other

authorities, <u>County School Trustees of Orange County v. District Trustees of Prairie View Common School Dist. No. 8</u>, 153 S. W. 2d 434 (Tex. Sup. 1941); <u>Dallas County v. Lockhart</u>, 96 S. W. 2d 60 (Tex. Sup. 1936); <u>Love v. City of Dallas</u>, 40 S. W. 2d 20 (Tex. Sup. 1931).

Article 6145, V. T. C. S., creates the Texas Historical Commission. We believe that references to "historic interest" in the Antiquities Code should be defined by examination of article 6145, for both provisions relate to the preservation of historic sites. Section 12 of article 6145 gives the Historical Commission the responsibility for marking sites significant in Texas and American history. Section 15 authorizes the Commission to certify the worthiness of preservation of historic sites. Section 9 designates the Commission as the administrator of the National Historic Preservation Act of 1966, 16 U. S. C. § 470, et seq. Section 470a of that Act provides for a national register of sites significant in American history. In our view, the term "historic interest" as contained in the Antiquities Code contemplates some governmental recognition of such interest and specifically those indicia referred to in article 6145. Accordingly, it is our opinion that a site of "historic interest" under the Antiquities Code is a site which has been designated with a Texas Historical Marker, certified as worthy of preservation under section 15 of article 6145, or which is listed on the National Register pursuant to 16 U. S. C. §470a. By reference to article 6145, the term "historic interest" is given ascertainable limits and in our view the term is therefore not impermissibly vague.

Your second question concerns the effect of contracts entered prior to the inclusion of these buildings on the National Register. Section 6 of the Antiquities Code prohibits the destruction of a State Archeological Landmark without a permit from the Antiquities Committee. The buildings became Landmarks on April 8, 1975, when they were listed on the National Register. Accordingly, they may not be destroyed without a permit. See, Attorney General Opinion H-250 (1974). Whether the denial of a permit in this instance would unconstitutionally impair these obligations would depend on factual matters not now before us.

Your third question concerns whether a political subdivision must obtain a permit from the Antiquities Committee notwithstanding its prior compliance with article 5421q, V. T. C. S. In our opinion the two statutory provisions operate independently of one another. Article 5421q provides for a public hearing prior to the taking or use of any public land designated as a park, recreation

area, scientific area, wildlife refuge, or historic site, presumably to allow local residents to participate in the decision. The Antiquities Code is an exercise of the police power of the State to protect the general welfare of the entire State by preserving historic sites. Neither provision recognizes the other as superior, therefore both statutory procedures must be utilized.

Your fourth question concerns the applicability of the Antiquities Code to sites other than those connected to "prehistoric and historical American Indian or aboriginal campsites, dwellings, and habitation sites." Section 6 of the Antiquities Code provides a clear answer to this question; its application is "expressly not limited to" these sites.

## S U M M A R Y

The Antiquities Code's designation of State Archeological Landmarks and its requirement of a permit prior to their destruction is a valid exercise of the State's police power and no compensation need be made for losses incident thereto. In a particular instance a site may be of such slight historic interest and little utility that a denial of a permit would constitute an unreasonable and arbitrary exercise of the Committee's power. Whether this is the case in this instance involves questions of fact upon which we cannot rule.

Sites of "historic interest" as contained in the Antiquities Code are those bearing a Texas Historical Marker, those certified by the Historical Commission as worthy of preservation, and those included on the National Register. Accordingly, the term "historic interest" is not impermissibly vague.

The Dallas Community College District must obtain a permit from the Antiquities Committee for the demolition of the three

19th Century buildings involved, notwithstanding the existence of contracts for their destruction. Whether refusal of a permit would unconstitutionally impair the obligations of contracts would depend on factual matters not before us.

The procedures of article 5421g, V. T. C. S., and those of the Antiquities Code are independent; both statutes must be satisfied.

The application of the Antiquities Code is not limited to prehistoric and historical American Indian or aboriginal campsites, dwellings, and habitation sites.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee