442 So.2d 804 (1983)
William A. GUNTER
v.
LOUISIANA DEPARTMENT OF LABOR.
No. CA-1041.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
*805 Paul G. Mayoral, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., New Orleans, James A. McGraw, Eddie G. Crawford, Denise A. Nagel, Legal Unit, Office of Employment Sec., Baton Rouge, for Louisiana Dept. of Labor.
Before GULOTTA, KLEES and WARD, JJ.
GULOTTA, Judge.
In this unemployment compensation case, William A. Gunter appeals from the trial court's judgment affirming the denial of his claim for benefits. We affirm.
Gunter left his employment with Navios Ship Management Services, Inc. on October 8, 1981, and immediately became employed by Norton, Lilly and Company, Inc. It is undisputed that he voluntarily changed jobs to receive more overtime work and increased pay. On March 7, 1982, however, he was terminated from his new job, and applied for unemployment compensation benefits. According to plaintiff, his lay-off from Norton Lilly resulted from the effects of the recession on the Port of New Orleans.
LSA-R.S. 23:1601(1), as amended by Act 131 of 1981, provides as follows:
"An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States equivalent to at least ten times his weekly benefit amount subsequent to a claim for a compensable week for unemployment benefits under this Act and (b) has not left his last work under disqualifying circumstances. A compensable week is defined as a week for which benefits would otherwise be payable except for the disqualification imposed by this Paragraph or by the provisions of R.S. 23:1600(4); however, if the claim for a compensable week is filed subsequent to six months from the date of any disqualifying separation under this Paragraph and the claimant has earned ten times his weekly benefit amount subsequent to the separation and has not left his last work under disqualifying circumstances, the disqualification imposed by this Paragraph shall no longer apply."
Citing LSA-R.S. 23:1601(1), the Office of Employment Security denied Gunter's claim based on findings that he had left Navios' employment "to accept other employment" and that his "leaving was not for good cause connected with the employment." In a separate ruling, the Agency likewise found that Gunter's earnings at Norton Lilly did not serve to remove his disqualification since he had not been paid wages equivalent to at least ten times his weekly benefit amount "subsequent to a claim for a compensable week for unemployment benefits...." as set forth in LSA-R.S. 23:1601(1). The Agency's decisions were affirmed by the Appeals Referee, the Board of Review and the reviewing court.
Gunter contends that the administrative tribunals and the trial judge erroneously interpreted LSA-R.S. 23:1601(1), as amended by Act 131 of 1981. According to Gunter, despite earning an amount in excess of ten times his weekly benefit after resigning his first job, he has been denied benefits merely because he failed to apply for benefits (to which he was not entitled) upon leaving his first employer, and because he did not work for a six month period before being terminated by his subsequent employer, Norton Lilly. Gunter argues that the Agency's interpretation compels a vain and useless act and allows for an absurd *806 result inconsistent with the meaning, spirit, and intent of the statute.
Gunter contends further that the administrative appellate review tribunals erred in not allowing him to introduce evidence to establish that he had quit his former employment "for good cause." Finally, Gunter argues the trial judge and the Board of Review erred in applying the 1981 amendment to the act since the act "envisions a six month base period calculation", and the 1981 amendment became effective within less than one month of his change of employers.
Because we find no merit to the claimant's contentions, we affirm.
The scope of judicial review of a decision disqualifying an employee from unemployment compensation benefits is limited to questions of law and whether the decision is supported by sufficient evidence. See LSA-R.S. 23:1634; Bowman v. State, Office of Employment Sec., 403 So.2d 825 (La.App. 2nd Cir.1981); Black v. Sumrall, 413 So.2d 252 (La.App. 4th Cir. 1982).
Furthermore, our courts have held that an employee's voluntary leaving of his employment purely because of dissatisfaction with his compensation is not "good cause" entitling him to unemployment compensation benefits. See Perry v. Brown, 162 So.2d 444 (La.App. 3rd Cir.1964), writ denied 246 La. 361, 164 So.2d 356 (1964); Salvant v. Lockwood, 400 So.2d 311 (La. App. 4th Cir.1981). See also Vidrine v. Brown, 163 So.2d 375 (La.App. 3rd Cir. 1964), writ refused 246 La. 592, 165 So.2d 484 (1964), where an employee's voluntary termination to become self-employed was not "good cause" connected with his employment.
Applying the law to the instant case, we cannot say the Appeals Referee and the Board of Review erred in determining that Gunter had left his employment with Navios "without good cause." Because it is undisputed that Gunter voluntarily left work for a higher paying job, we likewise find no error in the refusal by the administrative body to hear evidence on the "good cause" question.
Furthermore, when we consider the wording of LSA-R.S. 23:1601(1), as amended, we cannot say the administrative tribunals or the trial court erred in concluding that Gunter's disqualification was not removed. The Appeals Referee, and the Board of Review applied the act as written, despite plaintiff's claim that their "technical" construction compels a ludicrous result. Plaintiff's argument addresses itself to legislative action rather than to the courts.
We find no error in statutory construction or application in the instant case, where the claimant clearly left his former employment without cause and failed to meet the statutory requirements for removal of his disqualification.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.