KLEES, Judge.
Plaintiff, who was denied unemployment compensation benefits by the Administrator of the Louisiana Office of Employment Security, appeals the district court’s judgment affirming the Administrator’s decision. We find no error in the judgment of the district court, and therefore affirm.
From June of 1983 until September of 1983, plaintiff was employed as a waitress at Melvin’s Restaurant, an outdoor cafe in Chicago, Illinois. She worked full time for a salary of $2.00 per hour plus tips. She resigned in September because the volume of business had declined and she was no longer making enough money in tips. Plaintiff apparently never applied for unemployment benefits in Illinois. Shortly after quitting her job, plaintiff moved to New Orleans and filed for unemployment compensation in Louisiana. Her employer did not contest the application.
Plaintiff’s application was filed on October 10, 1983. She was disqualified based on her written application, and she timely appealed this disqualification. An administrative hearing was held on December 7, 1983, at which the employer’s representatives declined to appear and plaintiff gave the only testimony. The appeals referee upheld the disqualification based upon the agency’s determination that plaintiff had left her position “without good cause connected with the employment,” which is grounds for disqualification under LSA-R.S. 23:1601(1).
Plaintiff appealed the referee’s ruling to the Louisiana Board of Review, as allowed by R.S. 23:1630. The Board affirmed the decision, and plaintiff petitioned the district court for judicial review. Following the procedure set forth in R.S. 23:1634, the court held a summary hearing at which no additional evidence was taken. The decision was again affirmed, and plaintiff now appeals to this court.
R.S. 23:1634 provides that when reviewing a decision of the Board of Review, the jurisdiction of the court is limited to questions of law, as the Board’s findings of fact are conclusive if they are supported by sufficient evidence and there is no fraud involved. See: Ducote v. La. Office of Employment Security, 401 So.2d 1087 (La.App. 3rd Cir.1981). In the instant case, the Board adopted the findings of fact made by *1267 the appeals referee, which state, in pertinent part:
The claimant resigned as she was not making any money. She stated that there was no business as very few people wanted to be outside in Chicago in the winter. The claimant knew that this was an outdoor restaurant when she was hired. She was paid as agreed. She also resigned in order to leave the area.
After reviewing the record, we conclude that these findings of fact are supported by sufficient evidence. In her testimony, plaintiff stated that she had been hired initially to work in June and July only. On her original application for benefits, she wrote that she was in Chicago during the summer to be with her sick mother, after which time she moved back to New Orleans. Also, plaintiff testified that she was not making any money even during the summer months because it was a hot summer and people didn’t want to sit outside. This testimony belies plaintiffs contention that she left only because the business declined substantially at the end of the summer season. From this evidence, the appeals referee could have reasonably concluded that plaintiff actually left her job in order to relocate.
A desire to relocate does not constitute good cause for leaving one’s employment under R.S. 23:1601. Ware v. Doyal, 320 So.2d 212 (La.App. 3rd Cir.1975). In addition, we have held that the mere fact that the claimant is dissatisfied with his compensation does not establish “good cause” entitling the claimant to unemployment benefits. Gunter v. Louisiana Dept. of Labor, 442 So.2d 804 (La.App. 4th Cir.1983), writ denied, 445 So.2d 438 (La.1984). Because plaintiff’s reasons for leaving her job are insufficient to entitle her to unemployment compensation under Louisiana law, we find that the district court correctly affirmed the agency’s denial of benefits.
Plaintiff’s argument that Illinois law should be applied to this case is without merit. Plaintiff applied for compensation under the Louisiana Employment Security Law (R.S.23:1471 et seq.)\ therefore, her eligibility will be determined by the law of Louisiana unless the statute itself provides otherwise. Our review of the statute indicates that because plaintiff did all of her work outside this state, she would be eligible to apply for unemployment benefits in Louisiana only in the very limited situation described by R.S. 23:1472(12)(C), i.e., that her employer was not required to contribute funds under the unemployment compensation law of any other state. The agency did not disqualify her on this basis, and there is not sufficient evidence in the record to allow us to make any judgment in this regard. However, we do find that the record supports the appeals referee’s findings of fact as to plaintiffs reasons for resigning her job. Furthermore, the district court was correct in holding that these reasons do not establish “good cause” such as would entitle plaintiff to unemployment compensation under R.S. 23:1601.
Therefore, for the reasons given, we affirm the judgment of the district court, with all costs to be borne by appellant.
AFFIRMED.