505 So.2d 83 (1987)
Stewart JENKINS, Jr.
v.
George WHITFIELD, Administrator of the Louisiana Office of Employment Security and CNG Producing Company, Inc.
No. CA-6210.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Writ Denied May 15, 1987.
*84 Mark A. Moreau, Mary Ellen Roy, New Orleans Legal Assistance Corp., New Orleans, for plaintiff.
*85 James E. Wright, Jr., New Orleans, for CNG Producing Co., Inc.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, Lois C. Davis, Asst. Attys. Gen., New Orleans, for appellee.
James A. McGraw, B.J. Francis, Denise A. Nagel, Herman A. Robinson, Frank Scott, Office of Employment Security, Baton Rouge.
Before GULOTTA, BARRY and WARD, JJ.
GULOTTA, Judge.
In this unemployment compensation case, Stewart Jenkins appeals from the trial court's judgment affirming the denial of his claim for benefits. We affirm.
On June 27, 1985, Jenkins left his employment with CNG Producing Company, where he had worked for almost four years, and started working the next day for Freeport McMoRan. It is undisputed that he voluntarily changed jobs to receive higher pay. After five weeks of employment, plaintiff was laid off.
Jenkins was denied unemployment compensation because he had not left his last employment for good cause connected with the employment. After a hearing before the appeals referee on September 9, 1985, in which plaintiff testified that he left his job with CNG Producing Company because "an opportunity came up", the referee concluded that Jenkins had "left his employment voluntarily when he received an offer of a better-paying job with more opportunities for advancement" and that he was disqualified under LSA-R.S. 23:1601(1) from receiving unemployment benefits because he left his job "under disqualifying conditions". The board of review affirmed the decision which was subsequently upheld on appeal in the trial court.
Although conceding that Gunter v. Louisiana Dept. of Labor, 442 So.2d 804 (La. App. 4th Cir.1983), writ denied 445 So.2d 438 (La.1984) and its progeny have set the rule that leaving one's job for a better job is not good cause and thus disqualifying, plaintiff still contends that he should not be disqualified from receiving unemployment compensation. According to plaintiff, leaving his job to improve his financial situation is reasonable, and is not disqualifying in the majority of states. Consequently, Jenkins requests that we reconsider our holding in Gunter.
Plaintiff further contends that LSA-R.S. 23:1601(1) violates the equal protection clause and the due process clause of both the United States and Louisiana Constitutions. In support of this contention, plaintiff argues that the statute creates two classes of workers, one class consisting of persons laid off after working six months with one employer, and another class consisting of persons being laid off after working six months with two or more employers. According to Jenkins, although both classes of workers have earned entitlements to unemployment compensation, the latter group is denied this compensation because they took better paying jobs in less than six months prior to their lay-off. Plaintiff also maintains that a worker who leaves his job for a better paying job without a break in employment must wait six months to remove the disqualification, while a worker who quits or leaves for another reason requalifies for unemployment compensation by earning ten times his weekly benefit amount subsequent to a claim for a compensable week for unemployment benefits. Jenkins additionally asserts that because these statutory classifications impose a six month disqualification on a claimant who has left his job to take a higher paying job, the claimant's fundamental rights to interstate and intrastate travel and his right to work are restricted. In support of these contentions, plaintiff argues that the disqualification discourages a worker from changing jobs and thus restricts his freedom of job choice and choice of residence.
At the outset we conclude the trial judge properly relied on our holding in Gunter. Further, we have been presented no persuasive argument that our holding in Gunter is in error.
Turning now to the constitutional issues raised by Jenkins, we reject his argument *86 that LSA-R.S. 23:1601(1) unlawfully discriminates against employees who have left their employment for a higher paying job.
The trial court rejected plaintiff's claims that LSA-R.S. 23:1601(1) is violative of the equal protection clause and the due process clause of both the United States and Louisiana Constitutions, and in well written and well articulated "Reasons For Judgment" stated in pertinent part:
"The provisions of La.R.S. 23:1601(1) are not in violation of either the equal protection clauses of the United States or Louisiana Constitutions as the said classification is reasonable and valid, nor interferes with plaintiff's right to interstate or intrastate travel as opposed to the overriding interest of the state herein, which is controlling, and neither is tha [sic] Act in the Court's opinion arbitrary or capricious and violative of due process, since the statute does bear a real and substantial relationship to an appropriate governmental objective, namely, to provide a measure of economic security to those who are employed."
LSA-R.S. 23:1601(1) provides in pertinent part:
"An individual shall be disqualified for benefits:
(1) if the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States equivalent to at least ten times his weekly benefit amount subsequent to a claim for a compensable week for unemployment benefits under this Act and (b) has not left his last work under disqualifying circumstances. A compensable week is defined as a week for which benefits would otherwise be payable except for the disqualification imposed by this Paragraph or by the provisions of R.S. 23:1600(4); however, if the claim for compensable week is filed subsequent to six months from the date of any disqualifying separation under this Paragraph and the claimant has earned ten times his weekly benefit amounts subsequent to the separation and has not left his last work under disqualifying circumstances, the disqualification imposed by this Paragraph shall no longer apply."
A statutory enactment by the Legislature is presumed to be constitutional and the burden is upon the party claiming the unconstitutionality to show that the classification of the statute has no rational basis. State v. Devall, 302 So.2d 909 (La.1974).
The guiding principle of equal protection is that all persons similarly situated shall be treated alike. Babineaux v. Judiciary Commission, 341 So.2d 396 (La. 1976); Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967). In determining whether a statute denies equal protection, the court must first decide whether the legislation operates to the disadvantage of some "suspect" class or impinges on some fundamental right explicitly or implicitly protected by the Constitution, thereby requiring strict judicial scrutiny. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Maher v. Roe, 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977); San Antonio School District v. Rodriquez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Suspect classifications are those which involve race, alienage, national origin, religion, or some other discrete and insular minority group. Bazley v. Tortorich, supra. Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); United States v. Carolene Product Co., 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). Fundamental rights include freedom of speech and association, exercise of the voting franchise, freedom of interstate travel, the right to privacy and fundamental liberties. Everett v. Goldman, 359 So.2d 1256 (La.1978). See Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); Loving v. Virginia, supra.
*87 The standard which applies in all other instances is whether the differences created by the statute have a rational basis which is reasonably related to a legitimate State purpose, and thus does not constitute invidious, capricious, or arbitrary discrimination. Bazely, supra, Maher v. Roe, supra. San Antonio School District v. Rodriquez, supra. Furthermore, a classification having some reasonable basis, does not offend the constitution simply because is not made with mathematical nicety or because in practice it results in some inequality. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911).
In the instant case, our reading of LSA-R.S. 23:1601(1) has failed to reveal any basis for plaintiff's assertion that the statute differentiates between a worker who has left his job for a better job and one who has left for any other reason. Although the statute expressly disqualifies all workers who have left their jobs without good cause connected with their employment, it does allow them to requalify. This can be done if the worker 1) files an application for benefits, 2) demonstrates that he has paid wages for work subject to the Louisiana Employment Security Law or to the Unemployment Insurance Law of any other state of the United States equal to at least ten times his weekly benefit amount and 3) has not left his last employment under disqualifying circumstances.
Despite the statute's differentiation of persons who have left employment without good cause and those who have left for other reasons, this distinction is rationally related to the legitimate State purpose of allowing only certain qualified workers to receive unemployment compensation benefits. As pointed out by the trial judge the distinction is reasonable and valid.
We hold that an appropriate government intent is suitably furthered by distinguishing between classes of unemployment compensation claimants as provided in LSA-R.S. 23:1601(1). Accordingly, we find no merit to the claim that the equal protection clauses of the State and Federal Constitutions are offended.
Lastly, we reject plaintiff's contentions that LSA-R.S. 23:1601(1) impose a restriction on the rights of interstate or intrastate travel and the right to work.
Unemployment compensation is a benefit derived from the State to help a worker when he is temporarily out of work. However, it is not intended to provide long term, permanent and continuous assistance. LSA-R.S. 23:1601(1) sets forth no resident requirements for eligibility nor does it place restrictions on travel or prohibit a person from working. The statute merely establishes that certain qualification requirements must be met in order for an unemployed worker to receive its nonessential benefits.
Having so concluded, we affirm the judgment.
AFFIRMED.